UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

September 1, 2023

LETTER OPINION

    RE:    *Yolanda F. v. Kijakazi, Acting Commissioner of Social Security*
            Civil No. GLS-20-2717

Dear Counsel:

Plaintiff's counsel, Karl E. Osterhout, Esq. filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), seeking $40,567.50. (ECF No. 23, "Motion"). The Acting Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") filed a response to the Motion, neither supporting nor opposing the requested relief. Rather, the Commissioner defers to the judgment of the Court to determine whether the fee request is reasonable. (ECF No. 25, pp. 1-3). This matter has been fully briefed, accordingly, I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Motion will be **GRANTED**, and fees will be awarded in the amount of $40,567.50.

I.    BACKGROUND

On September 21, 2020, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny her claim. (ECF No. 1). Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment, the Commissioner's opposition thereto, and a reply from Plaintiff. (ECF Nos. 13, 17-18). On March 14, 2022, this Court issued a Letter Opinion, remanding Plaintiff's claim to the Social Security Administration for further proceedings, consistent with sentence four of 42 U.S.C. § 405(g). (ECF No. 19).[1]

On April 12, 2023, Plaintiff's counsel petitioned this Court for attorney's fees, to which the Commissioner filed a response. (ECF Nos. 20, 21). On June 15, 2022, the Court awarded Mr. Osterhout $6,395.40 for 30.6 hours worked on Plaintiff's case, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 22).[2] On March 13, 2023, Plaintiff received a

---

[1] In the Letter Opinion remanding the case for further proceedings the Court provides a more complete recitation of the procedural background of this case. (ECF No. 19, pp. 1-2).

[2] As is relevant here, the Court finds and specifically highlights the fact that Plaintiff's claims have been remanded for further consideration on two separate occasions. The first remand occurred in accordance with an order issued by Judge Stephanie A. Gallagher on July 22, 2019. (*See Forte v. Commissioner of Social Security*, Civ. No. SAG-18-3662, ECF No. 18). Thereafter, Mr. Osterhout was awarded $8,499.96 for 48.1 hours worked on Plaintiff's case, pursuant to the EAJA. (*Forte*, Civ. No. SAG-18-3662, ECF No. 21). As such, Mr. Osterhout, in total, has been awarded

Yolanda F. v. Kijakazi, Acting Commissioner of Social Security
Civil No. GLS-20-2717
September 1, 2023
Page 2

favorable decision from the Agency, which resulted in an award of past-due Social Security disability benefits. (*See* ECF No. 23-1, p. 1). In total, Plaintiff was awarded $162,270.00 in past-due benefits. (*Id.*, p. 3). On April 12, 2023, Mr. Osterhout filed the Motion, seeking $40,567.50, or 25 percent of Plaintiff's award. (ECF No. 23). On April 26, 2023, the Agency filed a response. (ECF No. 25).

## II.   STANDARD OF REVIEW

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingent fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order").

Following *Mudd*, in this District, courts have adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingent fee agreement, i.e., the contingent fee award divided by the hours actually worked on the matter. *See Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). Then, this hourly rate is compared to the presumptively reasonable hourly rates outlined in the Local Rules of the United States District Court for the District of Maryland ("Local Rules"), Appendix B.[3] If the hourly rate resulting from a contingent fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Local Rules, it is less likely that the requested fee is reasonable. *Id*. However, in cases where an attorney's advocacy results in a favorable decision, courts in this District routinely approve hourly rates that are "much higher"

---

$14,895.36 for 78.7 hours of work performed in connection with Plaintiff's case. The parties each acknowledge this fact. (*See* Motion, p. 1; *see also* ECF No. 25, p. 2).

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Local Rules, App'x B, n. 1 (D. Md. 2023) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases").

*Yolanda F. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-20-2717
September 1, 2023
Page 3

than those outlined in the Local Rules. *See e.g.*, *Id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan 24, 2022).

Furthermore, although a court may only award fees under the Social Security Act for "court-related work," in performing its "reasonableness inquiry," a court may also consider the legal work performed by counsel when the matter was before the Agency. *See Myisha G.*, 2021 WL 2661503, at *1. This is because that legal work can inform a court about, e.g., the complexity of the case, the lawyering skills necessary to provide representation, and the significance of the results achieved. *Myisha G.*, 2021 WL 2661503, at *1 (citing *Mudd*, 418 F.3d at 428).

Finally, if a court finds that an attorney is entitled to a fee award under the Social Security Act, and such attorney has already received an award for attorney's fees under the EAJA, then the attorney must reimburse his client the smaller of the two fees. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

### III.   ANALYSIS

Mr. Osterhout argues that the requested fee award is reasonable because: (1) it does not exceed 25 percent of the past-due benefits awarded to Plaintiff; (2) the fee is not large in comparison to the time spent on the case; and (3) the hourly rate of $515.47 per hour is not excessive, given that the fee arrangement was predicated on securing a favorable decision for Plaintiff. (Motion, pp. 4-5). In support of the Motion, counsel appends a copy of the contingent fee agreement, by which Plaintiff agreed to pay Mr. Osterhout 25 percent of her past-due benefits award. (*See* ECF No. 23-3). If, however, Plaintiff's claim was denied and she did not receive an award, Plaintiff was not required to compensate Mr. Osterhout for his legal services. (*Id.*).

As a preliminary matter, the Court first finds that the "Notice of Award," which notifies Plaintiff of the favorable award decision, was sent to Plaintiff on March 13, 2013. (*See* ECF No. 23-1). Thus, the Motion, filed April 12, 2023, is timely. *See* Local Rule 109.2(c) (motion for attorney's fees must be filed within thirty days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation).

Next, in analyzing the second factor outlined in *Mudd*, the Court finds that Mr. Osterhout did not cause any delay that led to the accumulation of past-due benefits during the pendency of the case. Accordingly, the Court will focus its analysis on the other two *Mudd* factors, namely whether: (1) the requested fee award is out of line with the "character of representation and results achieved;" and (2) the requested fee will result in a "windfall."

Here, the Court finds that the character of representation and results achieved supports Mr. Osterhout's requested fee award. First, the Court finds, in accordance with the terms of the contingent fee agreement, that Mr. Osterhout's requested fee award does not exceed the 25 percent

statutory cap of Plaintiff's past-due benefits award, as permitted by 42 U.S.C. § 406(b)(1). The total past-due benefits award is $162,270.00 and Mr. Osterhout is seeking $40,567.50 in attorney's fees, which is exactly 25 percent of the total past-due award. (ECF No. 23-1). As held, *supra*, Plaintiff was initially denied Social Security benefits. However, through Mr. Osterhout's advocacy before the Agency and in federal court, Plaintiff ultimately was awarded a substantial amount in past-due benefits and was awarded future benefits of $1,811.00 per month. (ECF No. 23-1). Accordingly, given that Mr. Osterhout's requested fee award does not exceed the 25 percent statutory cap, and Mr. Osterhout's advocacy resulted in a favorable decision for Plaintiff, the Court finds that this factor weighs in favor of granting Mr. Osterhout's attorney's fees request.

Second, the Court finds that the amount of time that Mr. Osterhout spent on this case relative to the past-due benefits award will not result in a windfall. Courts in this District determine whether an attorney's fees award will result in a windfall by determining the hourly rate that results from the contingent fee agreement in a particular case and comparing such hourly rate to the presumptively reasonable hourly rates provided in the Local Rules. In this case, Mr. Osterhout requests $40,567.50 for 78.7 hours of work on the federal court level. Thus, as Mr. Osterhout represents, he is seeking an award that equates to an hourly rate of $515.47. (Motion, pp. 1-3). In order to compare $515.47 per hour to the applicable, presumptively reasonable hourly rate within the Local Rules, the Court must determine how long Mr. Osterhout has been a member of the Bar. Unfortunately, Mr. Osterhout failed to provide any information in the Motion that would inform the Court as to how long he has been a member of the Bar, so the Court cannot precisely determine the applicable hourly rate under the Local Rules. However, this Court finds that Mr. Osterhout has been a member of the Bar for at least ten years, as he represented a client in a case in this District in 2013. *See Brown v. Astrue*, Civ. No. TMD-11-1063, 2013 WL 360259, at *1 (D. Md. Jan. 29, 2013). In the absence of explicit information about the applicable hourly rate, the Court exercises its discretion and uses the rate of $225 as set forth in the Local Rules. *See* Local Rules, Appendix B, Guideline 3(c) (hourly rates for attorneys with ten years of experience range from $225 to $350).

Although $515.47 per hour is more than double $225 per hour, many courts in this District have found hourly rates that are more than double the applicable rate provided in the Local Rules to be reasonable where, as is the case here, a plaintiff has received a favorable decision. *See e.g.*, *Craig C.*, 2019 WL 2076247, at *2 (hourly rate of $750 reasonable where Local Rules set presumptively reasonable rate as $225); *Willie B. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (hourly rate of $1,000 found reasonable where Local Rules set presumptively reasonable rate as $300); *Larry D. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-19-70, 2023 WL 3689571, at *2 (D. Md. May 26, 2023) (hourly rate of $1,000 found reasonable where Local Rules set presumptively reasonable rate as $300); *Matthew C. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-20-3240, 2023 WL 3043906, at *2 (D. Md. Apr. 21, 2023) (hourly rate of $1,200 per hour reasonable where Local Rules set presumptively reasonable rate as $350). As such, the Court finds that Mr. Osterhout's requested hourly rate is not unreasonable. Thus, Mr. Osterhout's requested fee award will not result in a windfall. Therefore, this factor, too, weighs in favor of this Court finding that Mr. Osterhout's fee request is reasonable.

In sum, the Court finds that Mr. Osterhout's advocacy secured a favorable decision for

Plaintiff, resulting in a significant disability benefits award. Also, Mr. Osterhout did not cause any delay during the pendency of the litigation that led to the accumulation of the past-due benefits award. Finally, the past-due benefits award is not unduly large in comparison to the time Mr. Osterhout spent on the case and will not result in a windfall. Accordingly, the Court finds that Mr. Osterhout's requested attorney's fee award is reasonable and the Motion is granted.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion will is **GRANTED**. Specifically, the Court **AWARDS** Plaintiff's counsel $40,567.50 in fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

However, it is further **ORDERED,** that Mr. Osterhout shall **REIMBURSE** Plaintiff for the $14,895.36 that he previously received pursuant to the EAJA. *Stephens ex rel. R.E.*, 565 F.3d at 135 ("[W]hile attorney's fees may be awarded under both the EAJA and § 406(b), the Savings Provision clarifies that the attorney must refund to the claimant the smaller fee").

The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge